UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Meghan Coleman,

   Plaintiff,

v.                 No. 13-cv-2536 (JNE/FLN)
                  ORDER
National Life Insurance Company,

   Defendant.

   This breach of contract case centers on Plaintiff Meghan Coleman's allegation that she was wrongfully denied disability income benefits under her policy with Defendant National Life Insurance Company. The case is currently before the Court on National Life's objection to the denial of its Motion for a Protective Order by the United States Magistrate Judge. Such a nondispositive order is reviewed under a deferential standard, whereby the order will be modified or set aside only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). *Accord* Fed. R. Civ. P. 72(a); D. Minn. L.R. 72.2(a).

   National Life asserts that the Magistrate Judge's order is contrary to law in three respects: (1) it denied National Life's request that the deposition of its corporate representative under Federal Rule of Civil Procedure 30(b)(6), as well as the deposition of one of its corporate employees, occur in Worcester, Massachusetts, its principal place of business; (2) it rejected National Life's argument that the topics Coleman noticed for the 30(b)(6) deposition are not reasonably particular; and (3) it found National Life's contention that Coleman improperly noticed the deposition of Richard Enberg, a corporate employee who handled Coleman's disability claim on appeal, to be moot.

   The Court will consider each of these issues in turn.

1

I.      **Location of the depositions.**

First, with regard to its argument that the 30(b)(6) deposition should be held in Massachusetts, National Life faults the Magistrate Judge for denying this aspect of its motion in "an Order dated August 14, 2014, [which] did not articulate a basis upon which Plaintiff overcame the general rule and presumption that such depositions are to occur at the company's principal place of business." It is true that the August 14 Order does not contain the Magistrate Judge's reasoning – because the Magistrate Judge ruled from the bench. *See* Order of August 8, 2014 at 1, ECF No. 24 ("*At the hearing*, the Court ruled that, to the extent Defendant seeks a protective order requiring the 30(b)(6) deposition to take place in Worcester, Massachusetts, the motion is DENIED.") (emphasis added); Minute Entry of August 11, 2014 at 1, ECF No. 21 ("Defendant's amended motion for a protective order [ECF No. 16] was DENIED in part *at the hearing* to the extent Defendant seeks a protective order limiting the location of Defendant's 30(b)(6) deposition to Worcester, Massachusetts.") (emphasis added).

National Life, as the objecting party, has not provided the Court with a transcript of the hearing at which the Magistrate Judge issued his ruling. *See* Fed. R. Civ. P. 72 1983 advisory committee's notes, Subdivision (a) ("The rule calls for a written order of the magistrate's disposition to preserve the record and facilitate review. An oral order read into the record by the magistrate will satisfy this requirement."). Without that transcript to review, the Court cannot say that this aspect of the Magistrate Judge's decision was clearly erroneous or contrary to law.

II.     **Topics for the 30(b)(6) deposition.**

Second, with regard to whether two of the topics Coleman noticed for the 30(b)(6) deposition – "questions about claim file" and "defenses in [National Life's] Answer" – are

overly broad, National Life argues that the Magistrate Judge "disregarded that Plaintiff, as the requesting party, bears the burden of satisfying the reasonable particularity standard of Rule 30(b)(6)." This is not persuasive. The Order of August 14 reflects the Magistrate Judge's determination that these topics are "sufficiently particularized and relevant," and it adequately addresses National Life's concern that Coleman's questions in these areas could call for legal conclusions or implicate the attorney-client privilege and the work-product doctrine. *See Southern Wine and Spirits of America, Inc. v. Division of Alcohol and Tobacco Control*, 73 F.3d 799, 811 (8th Cir. 2013) (noting that "[a] 30(b)(6) witness's legal conclusions are not binding on the party who designated him") (citation omitted); Fed. R. Civ. P. 30(c)(2) (authorizing "[a] person [to] instruct a deponent not to answer . . . when necessary to preserve a privilege").

Moreover, it is not evident that the claim file that National Life itself assembled or the defenses that National Life itself asserted are so "broad and general" that National Life would be, as it claims, "unable to designate, much less adequately prepare, a particular person who could testify on its behalf as to same." In any event, even were that the case, the Federal Rules do not preclude National Life from designating multiple deponents. *See* Fed. R. Civ. P. 30(b)(6) (requiring "the organization [to] designate one or more" deponents).

National Life has thus failed to show that this aspect of the Magistrate Judge's decision is either clearly erroneous or contrary to law.

### III.    Enberg deposition notice.

Third, National Life objects to the Magistrate Judge's finding that its challenge to the deposition notice Coleman issued for Richard Enberg is moot because of representations made at the hearing that "Enberg would likely be the designee for the majority of the 30(b)(6)

deposition[.]" This objection is sustained insofar as Coleman's deposition notice attempts to require Enberg to familiarize himself with certain issues and documents outside of his personal knowledge. *Compare* 30(b)(6) Deposition Notice, ECF No. 19-1 (stating Coleman's intention to depose National Life's designees as to "information known or reasonably available to [National Life]" on five enumerated topics and requesting that the designees "bring with them to the deposition and be familiar with" certain specified documents), *with* Enberg Deposition Notice, ECF No. 19-2 (stating same intention and request with regard to Enberg).

By the explicit terms of Rule 30(b)(6), the choice of a corporate designee is National Life's, and that person must be prepared to testify about "information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6). But a fact witness like Enberg whose deposition is noticed under Rule 30(b)(1) is not subject to that requirement. The deposition notice Coleman addressed to Enberg is therefore improper in this respect, regardless of who National Life's 30(b)(6) designee or designees may ultimately be.

Finally, to the extent that Coleman's deposition notice seeks to require Enberg to provide materials that have already been produced, the objection is also sustained. *See* Coleman's Memorandum in Opposition to Defendant's Objections at 6, ECF No. 38 (acknowledging that the claim file "was produced as part of [National Life's] Rule 26 Disclosures"); Fed. R. Civ. P. 26(b)(2)(C) (providing for limitation on discovery otherwise allowed under the rules where the "discovery sought is unreasonably cumulative or duplicative").

5

Based on the files, records, and proceedings herein, and for the reasons discussed above, IT IS ORDERED THAT:

1. Defendant's Objections [ECF No. 26] are OVERRULED IN PART and SUSTAINED IN PART consistent with the memorandum above.

2. The Magistrate Judge's Order of August 14, 2014 [ECF No. 24] is AFFIRMED IN PART and REVERSED IN PART consistent with the memorandum above.

Dated: September 11, 2014             s/Joan N. Ericksen
                                      JOAN N. ERICKSEN
                                      United States District Judge