UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Meghan Coleman,

        Plaintiff,

v.                                                    No. 13-cv-2536 (JNE/FLN)
                                                    ORDER

National Life Insurance Company,

        Defendant.

---

      This is a breach of contract case in which Plaintiff Meghan Coleman alleges that she was wrongfully denied disability income benefits by her insurer, Defendant National Life Insurance Company. In her Complaint, Coleman alleges that she became disabled in August of 2008, and that the claim for benefits that she filed with National Life thereafter was "wrongfully denied" in June of 2013.

      After removing the case from state court, National Life served Coleman with a set of interrogatories and requests for production of documents. Coleman responded to them with a general objection to the relevance of the discovery being sought; in her view, the only relevant information in this case is contained in the file that National Life developed as it processed her claim and in the letter it sent her in June of 2013 to explain why that claim had been denied. National Life subsequently moved to compel Coleman to respond to its discovery requests, while Coleman, for her part, filed a motion for a protective order. The United States Magistrate Judge granted National Life's motion and denied Coleman's in an order that issued on October 7, 2014. ECF No. 47.

      Coleman has now objected to that decision. As the order at issue is nondispositive, it is reviewed here under a deferential standard and will be modified or set aside only if it is "clearly

1

erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). *Accord* Fed. R. Civ. P. 72(a); D. Minn. L.R. 72.2(a).

Coleman argues that the Magistrate Judge's order is contrary to law in several respects. First, she asserts that the Magistrate Judge ignored the "limited" nature of the contract claim that she presses against National Life in this action. As a result, she contends, the order improperly expands the scope of discovery beyond what is relevant to that claim, in direct contravention of the aim of the Federal Rules of Civil Procedure to bring about the "just, speedy, and inexpensive determination of every action and proceeding."

This aspect of Coleman's objection is grounded in her insistence that she "specifically alleges that the denial letter of June 17, 2013 breached [her] disability contract because the claim file upon which it was based, [sic] supports that [she] is disabled." But the claim that Coleman pled is not so circumscribed. In her Complaint, Coleman alleges that, "[i]n breach of the Contract, Defendant wrongfully denied disability benefits to the Plaintiff on June 17, 2013" and that "the denial of Plaintiff's claim by the Defendant lacked a reasonable basis." The Complaint nowhere mentions the claim file.[1] Therefore, the Magistrate Judge's conclusion that matters bearing on "whether Coleman is disabled within the definition specified in [her] policy" – whether contained in National Life's claim file and denial letter or not – could be "relevant" to Coleman's claim within the meaning of Rule 26(b)(1) is neither clearly erroneous nor contrary to law.

Second, Coleman faults the Magistrate Judge for not imposing the limitations on discovery that prevail in ERISA cases and for not analogizing this action to those in which "the

---

[1] Coleman also represents here that she "only seeks disability benefits up to June 17, 2013." But her Complaint includes a demand for "[f]ull contract benefits from August 14, 2008 to the present and continuing."

record is frozen at the time of breach," such as with claims of bad faith in insurance practices. But Coleman herself concedes that her claim is not governed by ERISA. Whatever similarities may exist between this and the assertedly "analogous" cases, she cites no law that would compel the Court to apply the approach to discovery purportedly taken in them to this action. The Magistrate Judge's refusal of her invitation to do so is therefore neither clearly erroneous nor contrary to law.

Coleman's objection is overruled, and the order is affirmed.

Based on the files, records, and proceedings herein, and for the reasons discussed above, IT IS ORDERED THAT:

1. Plaintiff's Objection [ECF No. 50] is OVERRULED.

2. The Magistrate Judge's Order filed on October 7, 2014 [ECF No. 47] is AFFIRMED.

Dated: November 12, 2014            s/Joan N. Ericksen
                                    JOAN N. ERICKSEN
                                    United States District Judge